# EXHIBIT 25

STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

STANLEY YOUNG, CA No. 121180*
syoung@cov.com
JEHAN A. PATTERSON, D.C. No. 1012119*
jpatterson@cov.com
SABRINA MCGRAW, CA No. 334120*
smcgraw@cov.com
AMBER LOWERY, D.C. No. 1780982*
alowery@cov.com
ANALESE BRIDGES, D.C. No. 90029992*
abridges@cov.com
EVAN CHIACCHIARO, D.C. No. 90037819*
echiacchiaro@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: +1-202-662-5129

*Pro hac vice*

Additional counsel on last page

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; AUGUSTANA LUTHERAN CHURCH; OUR LADY OF GUADALUPE PARISH; SAN FRANCISCO INTERFAITH COUNCIL; WESTMINSTER PRESBYTERIAN CHURCH; NATIONAL EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS; AMY LOMANTO; HANNA MAE ANDERSON; LAUREN FONG; and CAROLINE KEATING MEDEIROS, <br><br>    *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; RODNEY S. SCOTT in his official capacity as Commissioner of Customs and Border Protection; U.S. CUSTOMS AND BORDER PROTECTION, <br><br>    *Defendants*. | Civil Action No.: 6:25-cv-699-AA <br><br> **DECLARATION OF L-V- IN SUPPORT OF PLAINTIFFS NATIONAL EDUCATION ASSOCIATION AND AMERICAN FEDERATION OF TEACHERS' MOTION FOR STAY UNDER 5 U.S.C. § 705** |

**DECLARATION OF L-V- IN SUPPORT OF PLAINTIFFS NATIONAL EDUCATION ASSOCIATION AND AMERICAN FEDERATION OF TEACHERS' MOTION FOR STAY UNDER 5 U.S.C. § 705**

I, L█████ V█████████ ("L-V-"), upon my personal knowledge, hereby declare under penalty of perjury as follows:

1. My name is L█████ V█████████/L-V-. The facts set forth in this declaration are based on my personal knowledge, unless otherwise indicated, and, if called as a witness, I could and would testify thereto. I am over eighteen years of age and of sound mind to declare to the facts stated herein.

2. I am offering this Declaration in my individual capacity and not on behalf of the institution that employs me.

3. I currently serve as a special education teacher for grades 7 and 8 in Minnesota. I have been teaching for less than two years.

4. My school has approximately 75% nonwhite students and all students at my school receive special education services.

5. I hold a bachelor's degree in elementary and special education.

6. I am a member of the National Education Association (NEA) and the American Federation of Teachers (AFT).

7. Before January 2025, it was my understanding that schools were a safe space with respect to immigration enforcement. I did not feel concerned about immigration enforcement at my school when I started teaching in the fall of 2024, and I did not feel concern for my own children facing immigration enforcement at their schools.

8. I learned about the change in federal policy regarding immigration enforcement at schools when immigration enforcement greatly expanded in Minnesota in December 2025. These actions caused me anxiety and deep sadness for my students and their families, and a lot

of anger, disbelief, and disappointment in the Department of Homeland Security and the country as a whole. My students and their families already face many challenges due to the students' significant disabilities, and this immigration enforcement made things much more difficult for them.

9. In January 2026, educators in my building have seen immigration enforcement officials parked in a bus lot about 2 blocks away from my school and at other locations in the area surrounding the school.

10. Since late December 2025, I have been aware of immigration enforcement activity taking place at a middle school and high school, and at a school for transitional-age students, all of which are located near my school and part of my school district.

11. On or about January 12, 2026, immigration enforcement officials drove in front of and hit the car of a paraprofessional who works at one of the schools in my district as she was trying to get to the school building. The officials then broke her car window and then detained her. The incident was reported in the news, including in this news story: Brianna Kelly, *Twin Cities teaching assistant, a US citizen, arrested by federal agents outside school*, Bring Me the News (last updated Jan. 14, 2026), https://bringmethenews.com/minnesota-news/twin-cities-teacher-a-us-citizen-arrested-by-federal-agents-outside-school.

12. Educators and staff in my office watch out for immigration enforcement presence near our building on a regular basis. If an immigration enforcement official is seen, they notify other staff by walkie talkie and the principal investigates to see if there is a threat to our students. The sightings are very disruptive for staff and students, because we feel that it is unsafe to take students outside when immigration enforcement officials are near the

school, even though it is sometimes necessary to go outside to reach other parts of the building. If immigration enforcement has been sighted near the building, it is very scary to take students, especially students of color, outside during those times.

13. Students have been absent due to their fears of immigration enforcement at or near our school. For example, the family kept home for several days one student on the autism spectrum (ASD) who posed a serious risk of elopement because of their fears that immigration enforcement officials would detain their school bus driver while they were driving that student. Such an incident would have been seriously dangerous for that student.

14. Immigration enforcement near our school has profoundly impacted the mental health and well-being of my students who are already vulnerable and have multitudes of challenges to overcome. Two of my students have been absent from school for several weeks because their parents are terrified to have them leave their homes in light of the heightened prevalence of immigration enforcement near our school. One of those students, who has ASD, has been engaging in severe instances of self-harm since the student has been staying home because they cannot access their calming tools or comfort items. The second student has a developmental cognitive disorder and has been having an increase of seizure activity and aggressive behavior since they have been staying home from school.

15. Another of my students with ASD has regularly expressed fear and anxiety about immigration enforcement near our school because his mother immigrated to the United States. He perseverates and obsesses about the possibility of her being detained, which is disruptive for my class and requires my attention being taken away from my regular teaching duties.

16. For the two students who are now staying home, I have to take one hour per day to provide them with virtual instruction; my other students are left with a paraprofessional staff member while I am providing that instruction. Those students do not have access to the full curriculum, the materials and tools I use in the classroom, or the other special education services that are part of the individualized education plans (IEPs). Also it is much harder to get and hold these students' attention in a virtual learning environment.

17. For the students who are staying home due to their fears of immigration enforcement near our school, they are in danger of being dropped from enrollment in our school if they miss more than 15 days of in-person school. If the student is dropped, they would be placed on the bottom of the waiting list to get back into our school, which these students need to address their significant disabilities that hinder their learning.

18. These students' absences create additional work for me because for special education students, we are required to hold three different IEP meetings with the entire IEP team of educators and service providers after 6, 10 and 14 days of absence. We struggle in these meetings to determine how we can provide these students with a free and appropriate public education (FAPE) as required by federal and state special education standards while keeping them safe and protected from immigration enforcement activities, because these students no longer feel safe at school.

19. Since January 2026, my workload has increased significantly because I am trying to meet the needs of the students who are afraid of immigration enforcement activity near our school. I try to give them more access to things we typically have at school for their learning purposes including visual tools, graphic organizers, calming/sensory tools, and

social emotional materials.

20. Several paraprofessionals in our building are afraid to come to work because they feel that, as people of color, they will be targeted by immigration enforcement officials near our school. They have been absent from work when immigration enforcement is in the area of our school. These absences have a negative impact on special education students in their classes and on the other instructors in that class, who must ensure that services and instruction are still delivered safely.

21. I am afraid that members of my community, members of the public, or my employer will retaliate against or harass me and my family if my identity becomes public in connection with this lawsuit. I am also afraid that federal law enforcement may target me, my school, or my students as a result of my participation in this lawsuit.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in ▮, Minnesota on 02/07/2026



/s/ LV

L▮ V▮

Page 5 - DECLARATION OF L-V- ISO PLAINTIFFS NEA AND AFT'S MOTION FOR STAY UNDER 5 U.S.C. § 705

STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
TESS HELLGREN, OSB No. 191622
tess@innovationlawlab.org
RACHEL LANDRY, Mass. No.713320*
rachel@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB No.223308
nelly@innoationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

STANLEY YOUNG, CA No. 121180*
syoung@cov.com
JEHAN A. PATTERSON, D.C. No. 1012119*
jpatterson@cov.com
SABRINA MCGRAW, CA No. 334120*
smcgraw@cov.com
AMBER LOWERY, D.C. No. 1780982*
alowery@cov.com
ANALESE BRIDGES, D.C. No. 90029992*
abridges@cov.com
EVAN CHIACCHIARO, D.C. No. 90037819*
echiacchiaro@cov.com
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: +1-202-662-5129

Attorneys for Plaintiffs

*Pro hac vice
**Pro hac vice application forthcoming

BRANDON GALLI-GRAVES, Tx. No. 24132050*
brandon.galli-graves@justiceactioncenter.org
ESTHER H SUNG, Cal. No. 255962*
esther.sung@justiceactioncenter.org
KAREN C TUMLIN, Cal. No. 234961*
karen.tumlin@justiceactioncenter.org
HILLARY LI, Ga. No. 898375*
hillary.li@justiceactioncenter.org
LAURA FLORES-PERILLA, Cal. No. 355645*
laura.flores-perilla@justiceactioncenter.org
EMILY SATIFKA, Nj. No. 330452020*
emily.satifka@justiceactioncenter.org
JUSTICE ACTION CENTER
PO Box 27280
Los Angeles, CA 90027
Telephone:+1 323-450-727

Attorneys for Plaintiffs

DANIEL MCNEIL, D.C. No. 455712**
dmcneil@aft.org
CHANNING COOPER, Md. No. 1212110182*
ccooper@aft.org
AMERICAN FEDERATION OF TEACHERS
555 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: +1 202-879-4400

Attorneys for Plaintiff American Federation of Teachers

LUBNA A. ALAM, DC No. 982169*
lalam@nea.org
KATHERINE E. LAMM, DC No. 1006319*
klamm@nea.org
NATIONAL EDUCATION ASSOCIATION
1201 16th Street NW
Washington, DC 20036
(202) 822-7035

Attorneys for Plaintiff National Education Association