# EXHIBIT 63

An official website of the United States government

**Official websites use .gov**
A **.gov** website belongs to an official government organization in the United States.

**Secure .gov websites use HTTPS**
A **lock** ( ) or **https://** means you've safely connected to the .gov website. Share sensitive information only on official, secure websites.



# Protected Areas and Courthouse Arrests

## DHS Directive *Enforcement Actions in or Near Protected Areas* (Jan. 20, 2025)

The Department of Homeland Security (DHS) issued a directive — *Enforcement Actions in or Near Protected Areas* — on Jan. 20, 2025, for U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP), superseding and rescinding DHS's Oct. 27, 2021, memorandum of the same title, which determined that certain locations require special protection from enforcement of U.S. immigration laws.

The Jan. 20, 2025, DHS *Enforcement Actions in or Near Protected Areas* directive recognizes that "officers frequently apply enforcement discretion to balance a variety of interests, including the degree to which any law enforcement action occurs in a sensitive location. Going forward, law enforcement officers should continue to use that discretion along with a healthy dose of common sense."

## ICE Directive *Enforcement Actions in or Near Courthouses* (Jan. 21, 2025)

On Jan. 21, 2025, ICE issued interim guidance, *Enforcement Actions in or Near Protected A*
Under this interim guidance, ICE officers or agents may conduct civil immigration enforce

actions in or near courthouses when they have credible information that leads them to believe the targeted alien(s) is or will be present at a specific location, and where such action is not precluded by laws imposed by the jurisdiction in which the civil immigration enforcement action will take place.

ICE officers or agents must coordinate with the relevant local ICE Office of the Principal Legal Advisor (OPLA) office before conducting civil immigration enforcement actions in or near courthouses to determine whether jurisdiction-specific legal limitations apply.

Civil immigration enforcement actions in or near courthouses should, to the extent practicable, continue to take place in non-public areas of the courthouse, be conducted in collaboration with court security staff, and use the court building's non-public entrances and exits.

When practicable, ICE officers and agents will conduct civil immigration enforcement actions against targeted aliens discreetly to minimize their impact on court proceedings.

ICE officers and agents should generally avoid enforcement actions in or near courthouses, or areas within courthouses that are wholly dedicated to non-criminal proceedings — examples include family court and small claims courts. When an enforcement action in the above situations is operationally necessary, the approval of the respective Field Office Director, Special Agent in Charge, or his or her designee is required prior to conducting the enforcement action.

The guidance also outlines responsibilities of the Field Office Director and the Special Agent in Charge.

For purposes of the ICE *Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouses*, a civil immigration enforcement action is any action taken by an ICE officer or agent to apprehend, arrest, interview, or search an alien in connection with enforcement of administrative immigration violations. This policy does not apply to criminal immigration enforcement inside courthouses.

# ICE Directive Common Sense Enforcement Actions in or Near Protected Areas (Jan. 31, 2025)

On Jan. 31, 2025, ICE issued a memorandum, *Common Sense Enforcement Actions in or Near Protected Areas,* which noted that the DHS Jan. 20, 2025, guidance, *Enforcement Actions in or Near Protected Areas,* acknowledges the ability of the DHS law enforcement personnel to apply enforcement discretion to balance a variety of interests, including the degree to which lav enforcement actions occur in protected areas.

As a result, DHS is not issuing rules regarding where immigration laws are permitted to be enforced. Instead, through the Jan. 31, 2025, ICE memorandum, the ICE Director charges Assistant Field Office Directors and Assistant Special Agents in Charge with the responsibility for making case-by-case determinations regarding whether, where and when to conduct an immigration enforcement action in or near a protected area.

# Enforcement Actions in or Near Places of Worship — Injunction (March 2025)

As of March 2025, ICE is under a court order and must comply with respect to any place of worship from a specified list of approximately 1,400 locations within 36 states. A court order enjoins ICE from implementing the DHS memorandum issued by DHS on January 20, 2025 — *Enforcement in or Near Protected Areas* — and the ICE memorandum issued on January 31, 2025 — *Common Sense Enforcement Actions in or Near Protected Areas* — unless an enforcement action is conducted pursuant to an administrative or judicial warrant.

ERO officers and agents must adhere to the 2021 Mayorkas memorandum when conducting immigration enforcement actions, without an administrative or judicial warrant, in or near any place of worship on the enclosed list. The 2021 Mayorkas memorandum requires that:

- To the fullest extent possible, ERO shall not undertake immigration enforcement actions at places of worship.
- ERO shall only conduct enforcement actions in circumstances identical to or comparable to the enumerated “limited circumstances” listed in the memorandum.
- Absent exigent circumstances, an agent or officer must seek prior approval from ERO Headquarters (HQ), or as otherwise delegated, before taking an enforcement action in or near a place of worship.
- If the enforcement action is taken due to exigent circumstances and prior approval was therefore not obtained, ERO HQ (or delegate) should be consulted post-action.
- To the fullest extent possible, any enforcement action in or near a place of worship shall be taken in a non-public area, outside of public view, and otherwise conducted to eliminate or at least minimize the chance that the enforcement action will restrain people from accessing the place of worship.

ERO is still permitted to conduct targeted enforcement actions in or near the locations on the list to execute a valid Form I-200, *Warrant for Arrest of Alien*, Form I-205, *Warrant of Removal/Deportation*, or a judicial warrant. However, ERO must adhere to the 2021 Mayo

memorandum with respect to any collateral individuals that may be present at locations on the specified list.

Updated: 02/20/2026

ADDRESS

500 12th St SW
Washington, DC
20536

Report Crimes: Call 1-866-DHS-2-ICE

RELATED INFORMATION

Enforcement and Removal Operations

**About Us**

**Enforcement and Removal Operations**

**Homeland Security Investigations**

**Newsroom**

U.S. Immigration and Customs Enforcement

ICE Contact Center

Report suspicious activity: 1-866-DHS-2-ICE

ICE.gov

An official website of the U.S. Department of Homeland Security

NTAS
NATIONAL TERRORISM ADVISORY SYSTEM
NO CURRENT ADVISORIES

About ICE
Accessibility
FOIA Requests
Privacy Policy
DHS.gov
Archive
No FEAR Act Data
Site Links
Performance Reports
Inspector General
The White House
DHS Components
USA.gov