**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

Fridley Public School District, Independent School District 14, *et al.*,

*Plaintiffs*,

v.

Markwayne Mullin, *et al.*,

*Defendants*.

Case No. 0:26-cv-01023 (LMP/LIB)

**MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs respectfully request leave to file the attached proposed 11-page sur-reply regarding Defendants' Motion for Summary Judgment. *See Lightner v. Catalent CTS (Kansas City), LLC*, 89 F.4th 648, 655 (8th Cir. 2023); *Biron v. Sawyer*, No. 19-CV-2938, 2020 WL 6121270, at *8 (D. Minn. Aug. 21, 2020) (Brisbois, M.J.) (granting leave to file sur-reply).

The sur-reply is needed to address several new authorities raised in Defendants' reply brief, including the recent decisions in *Tincher v. Mullin*, No. 0:25-cv-4669, 2026 WL 2797318 (D. Minn. Sept. 18, 2026), and *Trump v. California*, 2026 WL 2473573 (U.S. Aug. 24, 2026), as well as state statutes that Defendants did not previously cite but now suggest Plaintiffs could have used to offset their financial injuries. *See* Gov't Reply 6, 9, 11, Dkt. No. 122.

The proposed sur-reply also briefly addresses several new points raised in Defendants' reply. On standing, Defendants now (1) argue that Plaintiffs cannot rely on a trespass injury because they do not assert a common-law trespass claim and because they seek prospective relief, and (2) suggest that even if the Mayorkas Memo were binding, Plaintiffs have not produced evidence that DHS has engaged in enforcement actions on or near school grounds that fell outside its exceptions. *See* Gov't Reply 7, 19, Dkt. No. 122; *see also* Pls.' Opp'n 14, Dkt. No. 119 (noting that the government's opening brief did not argue that the enforcement actions fell within the Mayorkas Memo's exceptions; only that the memo was not binding).

On final agency action, the government suggests that (1) the "obligation" the Mayorkas Memo imposed was not binding because violations carried no "consequences" for DHS agents—that is, it claims the obligation was not enforceable; (2) the directive was not "specific" enough; and (3) DHS's public statements about the memoranda are not relevant. Gov't Reply 21, 22.

Given that Plaintiffs have the burden of proof, they respectfully request the opportunity to address the above new points in writing in advance of the November 19 oral argument. Plaintiffs believe that this short response will aid the Court in evaluating the parties' cross-motions for summary judgment.

Respectfully submitted,

Dated: November 4, 2026

/s/ Sean Ouellette

**NILAN JOHNSON LEWIS PA**
Amanda Cialkowski (0306514)
Kathleen Curtis (0388279)
250 Marquette Avenue South,
Suite 800
Minneapolis, MN 55401
(612) 305-7500
acialkowski@nilanjohnson.com
kcurtis@nilanjohnson.com

**ZIMMERMAN REED LLP**
David Cialkowski (0306526)
June Hoidal (033330X)
Michael Laird (0398436)
Jeffrey J. Harrington (0327980)
Molly F. Billion (0402616)
80 South 8th Street, Suite 1100
Minneapolis, MN 55402
(612) 341-0400
david.cialkowski@zimmreed.com
june.hoidal@zimmreed.com
michael.laird@zimmreed.com
jeffrey.harrington@zimmreed.com
molly.billion@zimmreed.com

**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, D.C. 20043
(202) 322-1959
Sean Ouellette* (DC Bar 1741535)
Elena Goldstein*(DC Bar 90034087)
Paul R.Q. Wolfson* (DC Bar 414759)
souellette@democracyforward.org
egoldstein@democracyforward.org
pwolfson@democracyforward.org

**THE LAW OFFICE OF KEVIN C. RIACH**
Kevin Riach (389277)
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

**Admitted pro hac vice*